IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCUS A. MALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-2562-JAR |
| ) | |
| STATE OF KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Pro se plaintiff Marcus A. Maley brings this case against the State of Kansas, Anderson County, and three law enforcement personnel (doc. 1). Plaintiff was granted leave to proceed with this case without prepayment of fees, i.e. in forma pauperis, pursuant to 28 U.S.C. § 1915 (doc. 4).

When a party is proceeding in forma pauperis, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[1] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil

---

[1] 28 U.S.C. §1915(e)(2)(B).

Procedure 11."[2]  The screening procedure set out in § 1915(e) applies to all litigants, prisoners and non-prisoners alike.[3]

In applying § 1915(e) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[4] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[5] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[6] The "court need not accept allegations that state only legal conclusions."[7] Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[8]

The civil cover sheet completed by plaintiff (doc. 2) states that his cause of action arises under 18 U.S.C. § 1581, which prohibits peonage and the obstruction of enforcement

---

[2]*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[4]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[5]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[6]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[8]*Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

of the statute. Plaintiff's complaint (doc. 1), however, does not mention peonage, and contains very little information. Plaintiff alleges that on or about January 1, 2007, he was arrested on a warrant for back payment of child support. When he was released, "a series of unfortunate events began to occur." Plaintiff states that "due to police misconduct," he was "put in imminent danger" and "have been 'attempted to kill.'"

The undersigned recommends that this case be dismissed. First, this court has held that 18 U.S.C. § 1581 is a criminal statute for which Congress has not provided a private right of action.[9] Second, even setting that aside, plaintiff's complaint fails to state a claim. Plaintiff makes only "vague, rambling" assertions without providing any detail from which defendants might frame an answer.[10] His "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[11] Third, the defendants named in this action—a state, county, and public employees—are very likely immune from this lawsuit under the Eleventh Amendment to the United States Constitution.[12] For these reasons, the undersigned believes that there is no logical construction of plaintiff's complaint from which to divine a cognizable claim. In addition, the undersigned finds that

---

[9] *King v. Keller*, No. 06-4001, 2006 WL 1517765, at *6 (D. Kan. May 30, 2006).

[10] *Collier-Kinnell v. United States*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010) (dismissing case under 28 U.S.C. § 1915(e)).

[11] *Hall*, 935 F.2d at 1110.

[12] *See White v. Social Rehabilitation Servs. of Kan.*, No. 10-2046, 2010 WL 2694931, at *2 (D. Kan. June 30, 2010) (holding that Eleventh Amendment immunity prohibited plaintiff's suit against state agency).

any attempt to amend the complaint would be futile.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated September 4, 2012, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge